UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKEIM EL BEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ACCREDITED HOME LENDERS INC.,<br>et al,<br><br>　　　　　　Defendants. | No. 2:17-cv-02237 KJM CKD (PS)<br><br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). On March 9, 2018, defendant Wells Fargo filed a motion to dismiss.[1] The motion was noticed to be heard on April 11, 2018.

　　　　On April 2, 2018, because plaintiff had not filed either an opposition or a statement of non-opposition to the motion, the undersigned continued the hearing on the motion to May 9, 2018 and directed plaintiff to file an opposition to the motion, or a statement of non-opposition thereto, no later than April 25, 2018. Plaintiff was advised that failure to file an opposition would be deemed a statement of non-opposition to the pending motion and would result in a recommendation that this action be dismissed. That deadline has passed, the court docket reflects

---

[1] On January 31, 2018, the summons was returned unexecuted as to defendant Accredited Home Lenders Inc., and it does not appear this defendant has been served.

1

that plaintiff has not filed an opposition to the motion or a statement of non-opposition to the motion.

The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case brought by plaintiff and which has been proceeding forward since plaintiff initiated this action on October 25, 2017. See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Regarding the third factor, defendant has already briefed its motion to dismiss and would be prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness. Moreover, delay itself generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case plaintiff has declined to oppose the motion to dismiss and thus has precluded the court's evaluation of the potential merits of such an opposition.

Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as required by Oliva, the court in its order of April 2, 2018 advised plaintiff that this action is subject to dismissal, directed plaintiff to file opposition, and granted additional time to oppose the pending motion after plaintiff failed to timely oppose defendants' motion to dismiss, all to no

| | |
|---|---|
| 1 | avail.  In light of plaintiff's failures, the court concludes there is no suitable alternative less |
| 2 | drastic sanction to dismissal.  The undersigned will therefore recommend that this action be |
| 3 | dismissed for failure to prosecute the action and for failure to comply with court orders and Local |
| 4 | Rules.  <u>See</u> Fed. R. Civ. P. 41(b); L.R. 110. |
| 5 | Accordingly, IT IS HEREBY ORDERED that the hearing date of May 9, 2018 on |
| 6 | defendant's motion to dismiss is vacated. |
| 7 | IT IS HEREBY RECOMMENDED that: |
| 8 | 1. This action be dismissed with prejudice; and |
| 9 | 2. The Clerk of Court be directed to close this case. |
| 10 | These findings and recommendations are submitted to the United States District Judge |
| 11 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days |
| 12 | after being served with these findings and recommendations, any party may file written |
| 13 | objections with the court and serve a copy on all parties.  Such a document should be captioned |
| 14 | "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections |
| 15 | within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u> |
| 16 | <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 17 | Dated:  April 30, 2018 |
| 18 | _____<br>CAROLYN K. DELANEY |
| 19 | UNITED STATES MAGISTRATE JUDGE |

2 / bey2237.no_opp.57