UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKEIM EL BEY,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ACCREDITED HOME LENDERS, INC., et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-02237 KJM CKD (PS)<br><br><br><br>ORDER |

　　　　　This pro se action, in which the plaintiff is deceased, was referred to a United States Magistrate Judge under Local Rule 302(c). On September 25, 2018, the magistrate judge filed findings and recommendations, which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 26. Plaintiff's successor/representative Howard James Redmond Bey filed objections to the recommendations, defendant filed a response, and Bey objected to that response. Objections, ECF No. 27, Response, ECF No. 31, Bey Response, ECF No. 32. Mr. Redmond Bey also filed a motion for substitution of party. ECF No. 28.

　　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having reviewed the file, and in light of Mr. Redmond Bey's motion for substitution, the court declines to accept the findings and recommendations.

1

Although the magistrate judge correctly concluded that Mr. Redmond Bey did not timely file a formal motion for substitution, it appears Bey's subsequently filed motion should be entertained by the court. Rule 25(a)(1)'s "90-day deadline may be extended by Rule 6(b), including after its expiration if the party failed to act due to 'excusable neglect.'" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (quoting Fed. R. Civ. P. 6(b)). "Rule 6(b) 'works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution.'" *Id.* (citing *Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988)).

Here, in objecting to the magistrate judge's findings and recommendations, Mr. Redmond Bey appears to indicate he believed he had provided all information necessary for substitution and was awaiting the court's response to his request for an extension of time to review this case. Objections at 1−2; *see* ECF No. 17 at 2 (May 9, 2018 notice from plaintiff's estate filed by Redmond Bey as executor "requesting a hundred and twenty (120) day continuance to thoroughly review all documentation for the lawsuit to effectively proceed on behalf of all heirs for the estate of Hakeim El Bey"). Citing his own pro se status, Redmond Bey argues that "[a]lthough, [sic] the 'correct' form was not in fact submitted, the substance of what was submitted actually merited the court to substitute and rule on the request for an extension as a motion had been submitted." Objections at 2; Bey Resp. at 1 ("I affirm there was no intentional neglect on my part, in fact I was waiting on instruction from the court."). In any event, Redmond Bey then filed a motion for substitution. ECF No. 28.

In light of the foregoing, the court DECLINES to adopt the findings and recommendations filed September 25, 2018. The court REFERS this matter back to the magistrate judge to determine whether Mr. Redmond Bey's motion for substitution should be granted.

IT IS SO ORDERED.

DATED: May 1, 2019.

_____
UNITED STATES DISTRICT JUDGE