UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKEIM EL BEY,<br><br>  Plaintiff,<br><br>  v.<br><br>ACCREDITED HOME LENDERS INC, et al.,<br><br>  Defendants. | No. 2:17-cv-02237-KJM-CKD PS<br><br>ORDER |

Plaintiff, proceeding in pro per, filed this civil rights action pursuant to, among other things, the Fair Debt Collection Practices Act (42 U.S.C. § 1692), the California Homeowner Bill of Rights Act (Cal. Civ. Code § 2923), and the Racketeer Influenced and Corrupt Organizations ("RICO") Act (18 U.S.C. § 1962(c)). (ECF No. 1.) Plaintiff alleges claims in connection with a foreclosure on his property. (Id.) On June 6, 2018, the court was notified of plaintiff's death through a status conference (ECF No. 21) and later through defendant Wells Fargo Bank, NA's suggestion of death (ECF No. 23). Presently pending before the court is Howard James Redmond Bey's filing titled "Plaintiff's Motion for Substitution of Party." (ECF No. 26.) For the reasons discussed below, the decedent plaintiff's executor of estate's motion to substitute will be denied without prejudice.

////

On June 11, 2018, defendant filed a statement noting death that was served on plaintiff's executor of estate on June 12, 2018. (ECF Nos. 23, 25.) On September 25, 2018, this court issued findings and recommendations recommending that this action be dismissed for failure to timely file a motion for substitution. (ECF No. 25.) On October 3, 2018, the purported executor of decedent plaintiff's estate, Howard James Redmond Bey ("the executor of the estate"), filed objections to the findings and recommendations (ECF No. 27) and a motion for substitution of party (ECF No. 28). On May 1, 2019, District Judge Kimberly J. Mueller issued an order referring this matter to the undersigned for a determination whether Mr. Bey's October 3, 2019 motion for substitution should be granted. (ECF No. 35.)

Federal Rule of Civil Procedure 25(a)(1) provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Thus, in deciding a motion to substitute under Rule 25, a court considers whether: (1) the motion is timely; (2) the claims pled are not extinguished;[1] and (3) the person being substituted is a proper party. See Savoy v. Schlachter, No. 2:13-cv-00014-JAM-AC, 2014 WL 3689365, at *1 (E.D. Cal. July 24, 2014).

Regarding whether the motion is timely, although Mr. Bey's motion for substitution was not filed within ninety days of defendant's suggestion of death, under Federal Rule of Civil Procedure 6(b), the deadline to file a motion may be extended due to excusable neglect. Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094 (9th Cir. 2017) (explaining that "[t]hese rules were amended because otherwise this 'unyielding requirement' led to 'hardships and inequities.'" (citing Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment)). Here, Mr. Bey avers in his objections to this court's findings and recommendations that the "substance of what was submitted" previously "actually merited the court to substitute." (ECF No. 27 at 2.) Mr. Bey's attempts to substitute made during the 90-day period and later

---

[1] The court notes that neither party has addressed or disputed whether plaintiff's claims in this action survive his death.

2

representations that he was waiting on direction from the court are sufficient to establish that his failure to act was the result of excusable neglect. Id. at 1094 (explaining that extensions of the 90-day time period may be liberally granted). The court therefore exercises its discretion in the interest of fairness to consider Mr. Bey's motion to substitute.

Next, regarding whether Mr. Bey is a proper party, the motion for substitution of party states that he is the "executor of estate" and moves to be substituted for plaintiff in this matter. (ECF No. 28 at 1.) However, there is no evidence before the court demonstrating that Mr. Bey is in fact the executor of plaintiff decedent's estate. Moreover, Mr. Bey is not a licensed attorney and an attorney did not file the motion on his behalf as the duly appointed executor of plaintiff decedent's estate. Mr. Bey did not provide any authority for him to appear pro se on behalf of the estate for which he is named executor. Nor has Mr. Bey provided any grounds for substituting in as the plaintiff in this matter. As a result, Mr. Bey cannot maintain this action in a representative capacity. See, e.g., Simon v. Hartford Life and Accident Ins. Co., 546 F.3d 661, 664–65 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." (collecting cases) (citing Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (administrator of estate may not appear pro se on behalf of estate))).

Because the executor of plaintiff's estate cannot represent the decedent plaintiff's estate pro se in this action, the motion to substitute will be denied without prejudice. Where a party appears improperly without an attorney, the party should be provided an opportunity to seek counsel and be allowed to proceed. The court will therefore provide the executor of plaintiff's estate an additional thirty days to retain counsel to re-file the motion on his behalf. The motion should be supported by briefing and adequate supporting documentation permitting the court to ascertain and verify that plaintiff's claims are not extinguished, and the movant is the executor of plaintiff's estate or the proper successor or representative under applicable probate or intestate succession law. The executor of plaintiff's estate is also hereby cautioned that failure to timely file a motion to substitute in accordance with this order and applicable rules will result in a recommendation that this action be dismissed. See Employee Painters' Tr. v. Ethan Enterprises,

1 | Inc., 480 F.3d 993, 998 (9th Cir. 2007) (holding default judgment warranted where corporation failed to retain counsel within time provided).

Accordingly, IT IS HEREBY ORDERED that the executor of the estate's motion for substitution (ECF No. 28) is denied without prejudice to the executor re-filing it in accordance with this order within thirty days. The motion shall also be noticed for hearing in accordance with Local Rule 230.

IT IS FURTHER ORDERED that a copy of this order be served on Howard James Redmond Bey at the following address: 1440 Bobing Drive, Lewisville, Texas 75067.

Dated: June 3, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 bey2237.mts