UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKEIM EL BEY, | No.  2:17-cv-02237-KJM-CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ACCREDITED HOME LENDERS INC, et al., | |
| Defendants. | |

Plaintiff, proceeding in pro per, filed this civil rights action pursuant to, among other

things, the Fair Debt Collection Practices Act (42 U.S.C. § 1692), the California Homeowner Bill

of Rights Act (Cal. Civ. Code § 2923), and the Racketeer Influenced and Corrupt Organizations

("RICO") Act (18 U.S.C. § 1962(c)).  (ECF No. 1.)  Plaintiff alleges claims in connection with a

foreclosure on his property.  (Id.)  On June 6, 2018, the court was notified of plaintiff's death

through a status conference (ECF No. 21) and later through defendant Wells Fargo Bank, NA's

suggestion of death (ECF No. 23).

By order filed June 3, 2019, the court granted the executor of plaintiff's estate thirty days

to retain counsel and re-file his motion for an order substituting a personal representative on

behalf of plaintiff in accordance with Local Rule 230.  (ECF No. 36.)  Thirty days from that date

has now expired and the executor of plaintiff's estate has not appeared through counsel.  As noted

1   in the court's order, the executor of plaintiff's estate cannot represent the decedent plaintiff's

2   estate pro se in this action.  (Id.); see also Estate of Wilson by & through Wheale v. R-Ranch

3   Prop. Owners' Ass'n, No. 2:13-CV-435-EFB, 2013 WL 12307846, at *1 (E.D. Cal. Dec. 4, 2013)

4   (executor of estate cannot pursue the interests of the estate without legal representation and is not

5   permitted to appear on behalf of another in a representative capacity (collecting cases)); Equity

6   Tr. Co. v. Brickhaven Condo. Ass'n, No. EDCV152367JFWDTBX, 2016 WL 8856651, at *5

7   (C.D. Cal. Apr. 25, 2016) ("It is well established that the privilege to represent oneself pro se

8   provided by 28 U.S.C. § 1654 is personal to the litigant and does not extend to other parties or

9   entities." (collecting cases)).

10          On June 26, 2019, appearing pro se and not through counsel, the executor of the decedent

11   plaintiff's estate filed a document titled motion emergency restraining order and injunction (ECF

12   No. 37) and a motion for substitution (ECF No. 38).  Wells Fargo Bank opposed both motions on

13   June 28, 2019 (ECF No. 39) and July 8, 2019 (ECF No. 40), respectively.

14          Because the executor of decedent plaintiff's estate failed to comply with the court's June

15   3, 2019 order and retain counsel and re-file his motion, the court will recommend denial of the

16   June 26, 2019 motions and dismissal of this action.  (See ECF No. 36 ("The executor of

17   plaintiff's estate is also hereby cautioned that failure to timely file a motion to substitute in

18   accordance with this order and applicable rules will result in a recommendation that this action be

19   dismissed.").)

20          Regarding the motion for emergency restraining order and injunction, which appears to be

21   a motion for temporary restraining order (ECF No. 37-1 at 1), notwithstanding the fact that it was

22   not filed through retained counsel, it is also procedurally deficient.  Local Rule 231(c) provides

23   that a motion for temporary restraining order must include, *inter alia*, a proposed temporary

24   restraining order with a provision for a bond and a proposed order with blanks for fixing the time

25   and date for hearing a motion for preliminary injunction.  Because the executor of decedent

26   plaintiff's complaint cannot proceed without counsel and because the motion for emergency

27   restraining order is procedurally deficient, the court will recommend denying this motion.

28   ////

1       For these reasons, IT IS HEREBY RECOMMENDED that this action be dismissed

2 without prejudice. <u>See</u> Local Rule 110; Fed. R. Civ. P. 41(b).

3       IT IS FURTHER RECOMMENDED that the motion for emergency restraining order and

4 injunction (ECF No. 37) and motion for substitution of party (ECF No. 38) be denied without

5 prejudice.

6       These findings and recommendations are submitted to the United States District Judge

7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8 after being served with these findings and recommendations, plaintiff may file written objections

9 with the court and serve a copy on all parties.  Such a document should be captioned "Objections

10 to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

11 objections within the specified time may waive the right to appeal the District Court's order.

12 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13 Dated: July 11, 2019

14                            CAROLYN K. DELANEY

15                            UNITED STATES MAGISTRATE JUDGE

16

17 15 bey2237.mts.mpi.f&r

18

19

20

21

22

23

24

25

26

27

28

3