UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKEIM EL BEY,<br><br>  Plaintiff,<br><br>  v.<br><br>ACCREDITED HOME LENDERS INC, et al.,<br><br>  Defendants. | No. 2:17-cv-02237-KJM-CKD PS<br><br>ORDER & AMENDED FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding in pro per, filed this civil rights action pursuant to, among other things, the Fair Debt Collection Practices Act (42 U.S.C. § 1692), the California Homeowner Bill of Rights Act (Cal. Civ. Code § 2923), and the Racketeer Influenced and Corrupt Organizations ("RICO") Act (18 U.S.C. § 1962(c)). (ECF No. 1.) Plaintiff alleges claims in connection with a foreclosure on his property. (Id.) On June 6, 2018, the court was notified of plaintiff's death through a status conference (ECF No. 21) and later through defendant Wells Fargo Bank, NA's suggestion of death (ECF No. 23).

By order filed June 3, 2019, the court granted the executor of plaintiff's estate thirty days to retain counsel and re-file his motion for an order substituting a personal representative on behalf of plaintiff in accordance with Local Rule 230. (ECF No. 36.) Thirty days from that date has now expired and the executor of plaintiff's estate has not appeared through counsel. As noted

in the court's order, the executor of plaintiff's estate cannot represent the decedent plaintiff's estate pro se in this action. (Id.); see also Estate of Wilson by & through Wheale v. R-Ranch Prop. Owners' Ass'n, No. 2:13-CV-435-EFB, 2013 WL 12307846, at *1 (E.D. Cal. Dec. 4, 2013) (executor of estate cannot pursue the interests of the estate without legal representation and is not permitted to appear on behalf of another in a representative capacity (collecting cases)); Equity Tr. Co. v. Brickhaven Condo. Ass'n, No. EDCV152367JFWDTBX, 2016 WL 8856651, at *5 (C.D. Cal. Apr. 25, 2016) ("It is well established that the privilege to represent oneself pro se provided by 28 U.S.C. § 1654 is personal to the litigant and does not extend to other parties or entities." (collecting cases)).

On June 26, 2019, appearing pro se and not through counsel, the executor of the decedent plaintiff's estate filed a document titled motion emergency restraining order and injunction (ECF No. 37) and a motion for substitution (ECF No. 38). Wells Fargo Bank opposed both motions on June 28, 2019 (ECF No. 39) and July 8, 2019 (ECF No. 40), respectively.

Because the executor of decedent plaintiff's estate failed to comply with the court's June 3, 2019 order and retain counsel and re-file his motion, the court will recommend denial of the June 26, 2019 motions and dismissal of this action. (See ECF No. 36 ("The executor of plaintiff's estate is also hereby cautioned that failure to timely file a motion to substitute in accordance with this order and applicable rules will result in a recommendation that this action be dismissed.").)

Regarding the motion for emergency restraining order and injunction, which appears to be a motion for temporary restraining order (ECF No. 37-1 at 1), notwithstanding the fact that it was not filed through retained counsel, it is also procedurally deficient. Local Rule 231(c) provides that a motion for temporary restraining order must include, *inter alia*, a proposed temporary restraining order with a provision for a bond and a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction. Because the executor of decedent plaintiff's complaint cannot proceed without counsel and because the motion for emergency restraining order is procedurally deficient, the court will recommend denying this motion.

////

The July 11, 2019 findings and recommendations in this matter (ECF No. 41) are hereby VACATED.

For these reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

IT IS FURTHER RECOMMENDED that the motion for emergency restraining order and injunction (ECF No. 37) and motion for substitution of party (ECF No. 38) be denied without prejudice.

IT IS FURTHER ORDERED that a copy of these findings and recommendations be served on Howard James Redmond Bey at the following address: 1440 Bobing Drive, Lewisville, Texas 75067.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 15, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 bey2237.mts.mpi.amendedf&r